Jeffrey A. Kobulnick, State Bar No. 228299
E-Mail: jkobulnick@lewitthackman.com
Heidy A. Nurinda, State Bar No. 333188
E-Mail: hnurinda@lewitthackman.com
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
16633 Ventura Boulevard, 11th Floor
Encino, California 91436-1865
Telephone: (818) 990-2120
Facsimile: (818) 981-4764

Attorneys for Plaintiff,
CONNECTED APPAREL COMPANY, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNECTED APPAREL COMPANY, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>CONNECTED INTERNATIONAL, INC., a Delaware corporation and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br><br>**(3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**<br><br>**(4) UNFAIR COMPETITION (Cal. Bus. & Prof. § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CONNECTED APPAREL COMPANY, LLC, a Delaware limited liability company ("Plaintiff" or "Connected Apparel"), by and through this complaint against Defendant CONNECTED INTERNATIONAL, INC., ("Defendant" or "Connected Cannabis"), and DOES 1 through 10, inclusive, alleges to the Court as follows:

/ / /

/ / /

# INTRODUCTION

1. Plaintiff, Connected Apparel, is the owner of the highly distinctive trademark "CONNECTED," which it has used in connection with its upscale clothing since at least December of 1999. Plaintiff currently sells its clothing products in stores including Nordstrom, Nordstrom Rack, Macy's, Boscov's, Belk, and Von Maur. Plaintiff owns a federal trademark registration for its CONNECTED mark, namely U.S. Trademark Registration Number 2,454,165, registered in International Class 25, for clothing, which is incontestable.

2. Plaintiff has marketed and sold its upscale apparel under the CONNECTED mark for more than twenty-five years and has invested substantial time and resources in developing the mark and goodwill associated therewith. Plaintiff's clothing is not only sold online through, and at major U.S. retail stores, but also internationally in many countries, including Canada, Mexico, Australia, United Kingdom, Poland, Germany, Peru, Argentina, Costa Rica, Ecuador, Jamaica, Aruba, Chile, Ireland, Guatemala, Nicaragua, El Salvador, Bermuda, Curacao, Nigeria, Philippines, Ivory Coast and Ghana. As a result, Plaintiff's mark has come to be recognized by consumers as identifying Plaintiff and its apparel.

3. An issue previously arose between the parties based on Defendant's own use of CONNECTED, also in connection with apparel, as Plaintiff was concerned that consumers had been and were likely to continue to be misled and confused as to the source, sponsorship, affiliation and/or endorsement of Defendant's goods. Plaintiff brought suit against defendant, *Connected Apparel Company, LLC v. Connected International, Inc.,* Case No. 2:23-cv-02927-MEMF-PD for trademark infringement and unfair competition.

4. The Parties entered into a Settlement Term Sheet in or around March 26, 2024 (the "Agreement") in which they agreed to various terms of co-existence, to resolve the above concerns. The Agreement provided certain restrictions on Defendant's use and registration of the CONNECTED mark. Unfortunately, as

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

discussed below, Defendant breached the Agreement, and is engaging in false designation of origin and unfair competition.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

6. Upon information and belief, this Court has personal jurisdiction over Defendant in that it transacts substantial business in the State of California. By way of example only, Defendant is located in California with offices in Sacramento, San Francisco and Stockton, and regularly advertises its business and services online to consumers throughout the United States, including this judicial district.

7. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

8. Upon information and belief, venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2) because Defendant is a business entity subject to this Court's personal jurisdiction.

## THE PARTIES

9. Plaintiff CONNECTED APPAREL COMPANY, LLC, ("Plaintiff") is a Delaware limited liability company, having its principal place of business at 6015 Bandini Boulevard, Commerce, California 90040.

10. Defendant CONNECTED INTERNATIONAL, INC., d.b.a. Connected Cannabis, Co., ("Defendant") is a Delaware corporation, having its principal place of business at 678 N. Wilson Way #1A, Stockton, California 95205.

11. Plaintiff is ignorant of the true names and capacities of the defendants

sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

12. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, each of the Defendants shared a unity of interest. Specifically, each of the Defendants are the alter ego of each other, in that each is not only influenced and governed by each other, but there exists such a unity of interest between them that the individuality and separateness of each of them have ceased, and the facts are such that an adherence to the fiction of the separate existence of each them would, under the particular circumstances, sanction a fraud or promote injustice.

## **GENERAL ALLEGATIONS**

**The Parties and Their Agreement**

13. Plaintiff is the owner of all rights in and to the CONNECTED mark for use with clothing, including a federal trademark registration with the U.S. Patent and Trademark Office ("USPTO"). Plaintiff owns Registration Number 2,454,165 for its CONNECTED word mark (which protects the mark in all forms).

14. Plaintiff's federal trademark registration is valid and subsisting, and incontestable, and is evidence that Plaintiff owns the exclusive right to the CONNECTED mark for use related to clothing.

15. Plaintiff has owned and operated an apparel company with its highly distinctive CONNECTED mark since at least as early as December 1999.

16. Plaintiff currently sells its clothing under its CONNECTED mark nationally and internationally, in stores and online, through various retailer stores and websites.

17. Plaintiff has expended substantial time and resources in developing its CONNECTED brand, including the goodwill associated therewith. As a result, consumers have come to recognize Plaintiff's CONNECTED mark as identifying Plaintiff and its upscale apparel.

**Defendants' Misconduct**

18. Upon information and belief, in or around December 2022 – and long after Plaintiff had already established its own trademark rights – Defendants began using the mark CONNECTED in connection with Defendants' clothing line. Defendants sold their Connected products online at connected-ca.myshopify.com, as well as through retail stores.

19. On April 19, 2023, after failed attempts at informal resolution, Plaintiff filed an action against Defendants for trademark infringement and unfair competition (*Connected Apparel Company, LLC v. Connected International, Inc.*, Case No. 2:23-cv-02927-MEMF-PD) (the "2023 Action").

20. The Parties participated in mediation on March 22, 2024.

21. At mediation, the Parties reached resolution and subsequently executed the Agreement.

22. The Agreement provides, in part: "Connected International, Inc., agrees not to file an application to register any marks in class 25[1] that include the word 'Connected'."

23. Nothing in the Agreement indicates that the scope was limited to the United States.

24. The Agreement also provides, in part: "Connected International, Inc. shall not use "Connected" on dresses, jumpsuits, cardigans, shrugs, skirts, blouses, and pants."

---

[1] References to "class 25" in the Agreement and in this Complaint refer to International Class 25 under the Nice Classification, established by the Nice Agreement in 1957, which is an international classification of goods and services applied for the registration of marks. *See*, *e.g.*, https://www.wipo.int/en/web/classification-nice.

25. Unfortunately, Plaintiff recently became aware that since entering into the Agreement Defendant filed applications to register the CONNECTED trademark in foreign jurisdictions, including Australia, Canada, Israel, Mexico, the United Kingdom, and the European Union for class 25 goods in breach of the Agreement.

26. In addition, after entering into the Agreement, Defendant began and is still using the CONNECTED mark with pants, as shown for example through Defendant's website at connected-ca.myshopify.com. Images of Defendant's website showing its use of the mark with pants are collectively attached hereto as **Exhibit 1**.

27. Defendant's attempted registration and use of CONNECTED in such manners is without Plaintiff's authorization and in breach of the Agreement.

28. Defendant's continued use and attempted registration of CONNECTED in such manner is likely to confuse consumers to believe that Defendant is affiliated with Plaintiff, thereby falsely designating the origin of Defendant's goods and unfairly competing with Plaintiff.

29. Plaintiff, through counsel, sent Defendant written notice of Defendant's breach of the Agreement, and demanded that Defendant take necessary steps to cure the breach. Defendant did not respond, and instead filed additional applications in other countries, in further breach of the Agreement, making this action necessary.

30. Defendant has been on actual notice of its breach of the Agreement, yet continues to use and register CONNECTED in ways prohibited under the Agreement, namely, by using the mark with pants and filing applications for and using the CONNECTED mark with unauthorized clothing products in class 25 in violation of Plaintiff's trademark rights and in breach of the Agreement.

31. At all relevant times, Defendant's misconduct was intentional, willful and malicious, such that this is an exceptional case under the Lanham Act, and enhanced damages are warranted.

32. Plaintiff is informed and believes, and thereupon alleges that, absent the intervention of this Court, Defendant's willful violations will continue, and Plaintiff and consumers will continue to be harmed.

## COUNT ONE

## (Breach of Contract)

## (Against All Defendants)

33. Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

34. As discussed herein, the Parties entered into the Agreement to resolve the 2023 Action, including Plaintiff's concerns about Defendant's use of confusingly similar trademarks in connection with goods which were similar to Plaintiff's own goods. The Agreement imposed certain restrictions on Defendant's use and registration of the term CONNECTED in connection with Defendant's goods going forward, as further discussed below.

35. Section (4)(I) of the Agreement states as follows: "Connected International, Inc., agrees not to file an application to register any marks in class 25 that include the word 'Connected'."

36. Upon information and belief, after the Agreement was executed, Defendant filed various trademark applications for CONNECTED in class 25. Defendant has also used the CONNECTED mark in connection with certain clothing products in violation of the Agreement.

37. Section (4)(D) of the Agreement states as follows: "Connected International, Inc. shall not use "Connected" on dresses, jumpsuits, cardigans, shrugs, skirts, blouses, and pants."

38. As stated above, and as shown in **Exhibit 1** hereto, after entering into the Agreement Defendant began and currently still is using the CONNECTED mark in connection with pants.

39. As a result of Defendant's breach of the Agreement, Plaintiff has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount yet to be determined.

40. Defendant has derived and, unless enjoined, will continue to derive unlawful gains and profits as a result of their acts.

41. If the aforesaid acts are permitted to continue, further loss and damage and irreparable injury will be sustained by Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT TWO
## (Federal Trademark Infringement)
## (15 U.S.C. § 1114)
## (Against All Defendants)

42. Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

43. Plaintiff's federally registered CONNECTED mark and goodwill associated therewith are of great and incalculable value, highly distinctive and arbitrary and have become associated in the public mind with Plaintiff.

44. Upon information and belief, without Plaintiff's authorization or consent, and having actual knowledge of Plaintiff's prior rights in the CONNECTED mark, Defendant chose to use and is still using the CONNECTED mark in interstate commerce in connection with the sale of prohibited clothing under the Agreement, namely pants, as shown in **Exhibit 1** attached hereto.

45. Upon information and belief, Defendant's clothing in connection with the CONNECTED mark is marketed to the same consumers and in direct competition with Plaintiff's own CONNECTED brand.

46. Defendants' unauthorized use in commerce of the identical CONNECTED mark in connection with the sale of pants, prohibited under the

1  Agreement, is likely to deceive the public into believing that Defendant's products are authorized by or affiliated with Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

47. Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48. Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

49. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including actual damages and profits made by Defendant in connection with its clothing sales and operations, and the costs of this action.

50. Furthermore, the foregoing actions of Defendant were undertaken willfully and with the intention to cause confusion, mistake, or deception, thus making this case exceptional under the Lanham Act and entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees.

## COUNT THREE
### (Unfair Competition and False Designation of Origin)
### (15 U.S.C. § 1125(a))
### (Against All Defendants)

51. Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

52. Defendant is using CONNECTED in ways prohibited by the Agreement without authorization from Plaintiff in connection with apparel that is of the same general nature and type as those that Plaintiff has long used in connection with its own CONNECTED mark.

53. Defendant's unauthorized uses of CONNECTED is likely to cause confusion to the general public as to the sources of Plaintiff's and Defendant's respective goods.

54. By misappropriating and using CONNECTED in breach of the Agreement, Defendant misrepresents and falsely describes to the general public the origin and source of Defendant's goods and creates a likelihood of confusion by ultimate purchasers as to the source, sponsorship, affiliation and/or endorsement of such goods.

55. Defendant's unauthorized use of CONNECTED with its goods creates express and implied misrepresentations that those goods are affiliated with Plaintiff, all to Defendant's profit and Plaintiff's great damage and injury.

56. Defendant's aforesaid acts violate Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a), in that Defendant's uses of CONNECTED, for Defendant's goods in interstate commerce, including in use between the U.S. and foreign nations, constitutes a false designation of origin, and unfair competition.

57. Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its business, goodwill and reputation.

58. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be determined at trial and including but not limited to the costs of this action.

59. Plaintiff is entitled to recover its actual damages and Defendant's profits realized from Defendant's use of the confusingly similar CONNECTED mark in ways prohibited under the Agreement.

60. Furthermore, Defendant's continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

/ / /

## COUNT FOUR

### (California State Unfair Competition)

### (California Business and Professions Code §§ 17200 *et seq.*)

### (Against All Defendants)

61. Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

62. California Business and Professional Code section 17200, *et seq.* (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

63. Defendant has committed acts of unfair competition as defined by the UCL. The aforesaid acts by Defendant are likely to cause injury to Plaintiff's reputation and result in Defendant's unfairly competing with Plaintiff in violation of the UCL.

64. Defendant's actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Plaintiff; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (c) such actions constitute incipient violations of state and federal laws.

65. Defendant's actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse consumers.

66. Defendant's actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in the Counts above. Defendant's violation of each of those statutes represents an independently actionable unlawful business practice in violation of the UCL.

67. The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair

competition.

68. As a direct and proximate result of the aforementioned acts by the Defendant, Plaintiff has suffered a monetary loss in an amount to be proven at trial. Accordingly, Plaintiff is entitled to restitution and/or disgorgement of profits realized by Defendant by reason of Defendant's unlawful acts.

69. Defendant's conduct has injured Plaintiff and unless enjoined, will continue to cause great, immediate and irreparable injury to Plaintiff.

70. Plaintiff is without an adequate remedy at law, and is therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendant's ill-gotten gains pursuant to California Business and Professions Code § 17203. If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff is therefore entitled to injunctive relief, enjoining Defendant from continuing to use the CONNECTED mark with prohibited types of clothing and from attempting to register the mark in connection with class 25 goods pursuant to the terms of the Agreement.

71. Plaintiff is entitled to recover its actual damages and Defendant's profits realized from Defendant's unauthorized use of the CONNECTED mark with its goods.

72. Furthermore, Defendant's continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

73. At all relevant times, Defendant's misconduct was intentional, willful, oppressive, fraudulent and malicious, such that punitive damages are warranted.

## **PRAYER**

**WHEREFORE**, Plaintiff demands judgment as follows:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be

preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

  a. from using CONNECTED, on or in connection with the advertising, offering for sale or sale of Class 25 goods, except as allowed under the Agreement;

  b. from filing trademark applications for CONNECTED in Class 25, in violation of the Agreement;

  c. from passing off, inducing, or enabling others to sell or pass off any goods as affiliated with, authorized or approved by Plaintiff;

  d. from committing any acts calculated to cause purchasers to believe that Defendants' goods are sponsored, affiliated, endorsed, approved by, connected with or guaranteed by Plaintiff; and

  e. from otherwise competing unfairly with Plaintiff.

2. That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath with penalty of perjury setting forth in detail the manner in which Defendants have complied with paragraph 1 above, including confirmation that all applications filed in any trademark office worldwide in International Class 25 for marks which include the term CONNECTED have been abandoned or withdrawn.

3. That Defendants account for and pay over to Plaintiff profits realized by Defendants by reason of Defendants' unlawful acts herein alleged.

4. That Plaintiff be awarded damages in an amount to be determined at trial for Defendants' willful unauthorized use of CONNECTED in violation of the Agreement.

5. That Plaintiff be awarded three times the amount of its actual damages pursuant to 15 U.S.C. §1117.

6. That Plaintiff be awarded punitive damages in an amount to be proven at trial.

7. That Plaintiff be awarded reasonable attorneys' fees and such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth in the Agreement and 15 U.S.C. § 1117.

8. That Defendants be ordered to disgorge all of their ill-gotten gains pursuant to California Business and Professions Code § 17203.

9. For all such further relief as the Court finds proper.

Dated: October 3, 2025

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN

By: */s/ Jeffrey A. Kobulnick*
JEFFREY A. KOBULNICK
HEIDY A. NURINDA
Attorneys for Plaintiff,
CONNECTED APPAREL COMPANY, LLC

## DEMAND FOR JURY TRIAL

Plaintiff CONNECTED APPAREL COMPANY, LLC, hereby demands a trial by jury for all issues so triable in this action.

Dated: October 3, 2025

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN

By: */s/ Jeffrey A. Kobulnick*
JEFFREY A. KOBULNICK
HEIDY A. NURINDA
Attorneys for Plaintiff,
CONNECTED APPAREL COMPANY, LLC